**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David FRIAS–HERNANDEZ,**
**Defendant—Appellant.**

**No. 09–50404.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 21, 2010.

W. Mark Conover, I, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Inge E. Brauer, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

David Frias–Hernandez appeals the sentence imposed following his guilty plea to attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Frias–Hernandez contends that the district court erred by determining that his prior conviction for assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), constituted a crime of violence under U.S.S.G. § 2L1.2, because section 245(a)(1) does not contain the requisite use of force and is a general intent crime. These contentions are foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1191–97 (9th Cir.2009).

Frias–Hernandez also contends that the district court erred by imposing a sentence in excess of the two-year statutory maximum for an 8 U.S.C. § 1326 violation. He argues that the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been undermined and that 8 U.S.C. § 1326(b) is unconstitutional. These contentions are foreclosed. *See United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir.2007) (*en banc*); *see also United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

